United States District Court

Eastern District of California

Joel Whitney,

        Plaintiff,                No. Civ. S 04-2683 DFL PAN P

   vs.                      Findings and Recommendations

Scott Kernan, et al.,

        Defendants.

-oOo-

    Plaintiff is a state prisoner without counsel prosecuting a civil rights action against prison officials.

    The action proceeds on the December 21, 2004, complaint against defendants Simonson, Baker and Mesa.  Plaintiff claims he notified these defendants he was in danger at the hands of his cell-mate, who had attacked him, but they showed deliberate indifference to his safety by doing nothing to protect him and, as a result, plaintiff's cell-mate raped him at razor-point January 27, 2004.

Defendants moved July 15, 2005, to dismiss the complaint for plaintiff's failure to exhaust administrative remedies. Plaintiff opposed August 29, 2005.

Title 42 U.S.C. § 1997e(a) provides a prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available.  The requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  The administrative remedy must be exhausted before suit is brought and a prisoner is not entitled to a stay of judicial proceedings in order to exhaust. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).  A prisoner need not plead exhaustion.  Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003).  Ordinarily, defendants must raise and prove absence of exhaustion as a defense raised by a motion to dismiss.  Id. "Courts considering 'nonenumerated' Rule 12(b) motions on the issue of administrative exhaustion may not only rely on matters outside the pleadings but also have broad discretion to resolve any factual disputes."  Irvin v. Zamora, 161 F. Supp. 2d 1125, 1128 (S.D. Cal. 2001) (citing Ritza v. Internat'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1988)).

The California Department of Corrections' administrative grievance procedure is set forth in Title 15 of the California Administrative Code at sections 3084.1, et seq.  California prisoners or parolees may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."  15 CAC § 3084.1(a).  The prisoner must present his grievance on a Form 602 that requires

2

he "describe the problem."   15 CAC § 3084.2(a).  Ordinarily the
prisoner must seek informally to resolve the grievance with the
prison staff involved but that is not required if the grievance
alleges misconduct by a departmental peace officer.  15 CAC §§
3084.2(b); 3084.5(a)(2)(G).  If the grievance cannot be or is not
required to be informally resolved, an "appeals coordinator"
screens the grievance to determine whether it should be rejected
on a number of listed grounds.  15 CAC § 3084.3.  One such ground
is "abuse of the appeal process." § 3084.3(c)(8).  "Abuse"
includes "an appellant's refusal to be interviewed or cooperate
with the reviewer" and results in "cancellation of the appeal. §
3084.4(d).  Another such ground is untimeliness, i.e., submitting
the grievance "within 15 working days of the event or decision
being appealed." § 3084.6(c).  There is no opportunity for review
of an appeals coordinator's rejection of a grievance.  This first
level of formal review may be "bypassed" if the grievance
involves a department or prison policy or procedure that staff
cannot change or "serious disciplinary infractions."  If the
grievance review by the appeals coordinator but is not resolved
at the first level of formal review, or that level is bypassed,
the prisoner may seek review by the prison warden and then by the
director of the department.

        Plaintiff submitted a written grievance describing the
problem as follows:

        On Tuesday, Jan. 27, 2004, at approx. 10:15 p.m my
        cellie Brad Thompson T-26839 wrestled me onto his
        bottom bunk.  He held a razor blade to my throat and

threatened my life saying "I don't care if I kill you."
He then pulled down my boxers and raped (sodomized) me.
Approx. one week prior to this incident Thompson had
hit me in the solar plexus, knocking the air out of me.
I told the guards and they said if we can't get along
get a cell move.  I filled out and completed a cell
move slip with all necessary signatures on it (c/o's
included) and turned it in.  Three days later, I had
found someone to move in with.  I have numerous
witnesses, all of whom agreed to testify on my behalf,
that I tried desperately to move, before this incident
took place.  Mr. Thompson has a history of this kind of
conduct.  Due to staff negligence, deliberate
indifference, and mali[ci]ous conduct by placing me in
this situation and then not assisting me when it became
apparent there was a problem, I am asking for damages
in an unspecified amount at this time... I turned in
the cell move slip to my building (6) officers.

Motion to Dismiss, Ex. 2 pp. 1, 4.

The grievance was forwarded directly to the warden who

"cancelled" it for plaintiff's "lack of cooperation" because he

allegedly twice refused to appear to be interviewed and refused

to have an interview video recorded. Motion to Dismiss, Ex. 2 p.

5-6.

Plaintiff sought review by the director, stating:

The appellant wishes to appeal to the director's level
so as to exhaust his administrative remedies.
Appellant takes issue with CCII T. Hansen's statement
that appellant failed to cooperate.  Appellant will
willingly submit to an interview.  As proof of this
appellant met with and had an interview with an
investigator for the Amador County District Attorneys
Office.  The only problem appellant had was being video
recorded.  Appellant is under extreme stress, trauma
and humiliation over this terrible incident and is
being treated with mental health medication.  And a
video tape session was more than appellant can endure
at this time.  An interview in private would have been
sufficient.

Id. p. 11.

1    Plaintiff's grievance was "returned" on the ground it had

2  been cancelled and advice that if plaintiff disagreed with the

3  decision cancelling his grievance he should seek and comply with

4  instructions from the Appeals Coordinator.  Id. p. 10.

5    Defendants argue this course of events amounts to a failure

6  to exhaust administrative remedies because plaintiff

7  "deliberately bypassed" the system.   Defendants argue plaintiff

8  should have returned to the appeals coordinator as instructed by

9  the director.

10    In Ngo v. Woodford, 403 F.3d 620 (9th Cir. 2005) the court

11  explained that the purpose of the administrative exhaustion rule

12  is to gave the department of corrections the first opportunity to

13  resolve the controversy outside of court and to develop a factual

14  record that might aid the court if it is later required to

15  intervene.  Failure to exhaust bars a remedy only if one is still

16  available.  Thus, even if a prisoner's grievance is rejected at

17  the first level on the ground it was untimely, if the prisoner's

18  description of the problem gave the department fair opportunity

19  to resolve it, the prisoner has exhausted available

20  administrative remedies.

21    Ngo was released from administrative segregation in December

22  2000 and returned to the general prison population but restricted

23  from participating in special programs including evening

24  fellowship and Bible study sessions.  He waited until June 2001

25  to grieve the restriction.  The appeals coordinator rejected his

26  grievance on the ground it was not timely.  Ngo argued his

1   complaint was continuing but to no avail.  Since no further
2   remedy was available to him, the court concluded he had exhausted
3   his administrative remedies.

4       This case is different.  Plaintiff accused another prisoner
5   of a serious felony and charged correctional staff with a
6   violation of his well-established federal civil rights.  It was
7   entirely reasonable of prison authorities to require plaintiff's
8   cooperation by submitting to an interview of plaintiff and to
9   record his statements by videotape.  Prison regulations provided
10  that if a prisoner withheld cooperation, his grievance would be
11  deemed canceled, viz. annulled or called off, and that simply
12  cannot be deemed exhaustion of his prison remedies.  Title 15 CCR
13  § 3084.4(d).  Furthermore, the warden's advice to return to the
14  appeals coordinator and follow his instructions ineluctably
15  implied administrative remedies did remain available to
16  plaintiff.

17      Accordingly, the court hereby recommends defendants' July
18  15, 2005, motion to dismiss be granted and this action be
19  dismissed for failure to exhaust administrative remedies.

20      Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
21  findings and recommendations are submitted to the United States
22  District Judge assigned to this case.  Written objections may be
23  filed within 20 days of service of these findings and
24  recommendations.  The document should be captioned "Objections to
25  Magistrate Judge's Findings and Recommendations."  The district
26  judge may accept, reject, or modify these findings and

1  recommendations in whole or in part.

2     Dated:   January 24, 2006.

3                                    /s/ Peter A. Nowinski
                                     PETER A. NOWINSKI
4                                    Magistrate Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26