IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOEL WHITNEY,

    Plaintiff,                    No. CIV S-04-2683 DFL PAN P

    vs.

SCOTT KERNAN, et al.,

    Defendants.               <u>ORDER</u>

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

        On January 24, 2006, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within twenty days.  Plaintiff has filed objections to the findings and recommendations.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de</u> <u>novo</u> review of this case.  Having carefully reviewed the entire file, the court agrees with the findings and recommendations that plaintiff has failed to exhaust administrative remedies.  However, the court's reasoning is somewhat different from that of the

1

magistrate judge. The magistrate judge relies on plaintiff's refusal to submit to a videotaped interview. Although the facts are somewhat unclear, plaintiff now states that he was prepared to submit to an audiotaped interview. It is unclear whether he communicated this willingness to prison officials. Assuming that he did, the court is not prepared to hold, on the limited record before it, that an inmate, who claims that he (1) has been raped, (2) is too distraught to participate in a videotaped interview, but (3) will participate in an audiotaped interview, thereby fails to exhaust available administrative remedies. Nonetheless, it is undisputed that plaintiff declined to appear for two scheduled interviews with T. Hansen as part of the administrative process. There was no issue as to videotaping with respect to these interviews. Plaintiff now says that he is willing to be interviewed at the Director's Level. But it is not for the plaintiff to pick and choose when, at what level and by whom he will be interviewed during the grievance process. The court further agrees with the magistrate judge that the administrative process remains open to plaintiff should he wish to pursue it.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed January 24, 2006, are adopted to the extent indicated above; and

2. Defendants' July 15, 2005, motion to dismiss is granted and this action is dismissed for failure to exhaust administrative remedies.

DATED: 3/7/2006

DAVID F. LEVI
United States District Judge